UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STANLEY CAVIENSS,

                   Plaintiff,

-against-

ALIBABA GROUP ALL MAJOR VAPING CO.;
ATF; FDA; ALVIN BRAGG,

                   Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-04636 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On August 18, 2025, *pro se* plaintiff Stanley Aron Cavienss ("Plaintiff") filed his complaint in this action and moved to proceed *in forma pauperis* ("IFP"). Complaint for a Civil Cause ("Complaint" or "Compl."), Dkt. 1; Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 3. For the below reasons, the Court dismisses the Complaint but grants Plaintiff's request to proceed IFP solely for the limited purpose of dismissing his Complaint.

## BACKGROUND

In his Complaint, Plaintiff broadly sues foreign and domestic actors "Alibaba Group, All Major Vaping Co., FDA, ATF, and Alvin Bragg," for damages inflicted on the public by vaping. Compl. at 2-5. Specifically, he claims that unregulated vaping products, digital microchip tracking, and environmental issues raise national security concerns and public health risks. *Id.* at 9-10. Plaintiff seeks an unspecified amount of monetary damages and injunctive relief. *Id.* at 27-34.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

1

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

The factual allegations in Plaintiff's Complaint lack any basis and do not withstand legal scrutiny. "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Even giving the most liberal construction to Plaintiff's Complaint, the Court cannot find that it has alleged a cause of action. Accordingly, the Court finds that the Plaintiff's Complaint lacks any arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325; *see also Taylor v. Securus*

*Techs., Inc.*, 25-CV-1416, 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025) (dismissing the complaint as frivolous given the implausibility of the plaintiff's allegations); *Williams v. Combs*, 25-CV-3521, 2025 WL 1920368, at *2 (E.D.N.Y. July 11, 2025) (same); *Lewis v. United States*, 24-CV-2503, 2024 WL 1577930, at *2 (E.D.N.Y. Apr. 11, 2024) (dismissing *pro se* complaint as frivolous finding that the allegations were nonsensical and failed to present a cognizable claim).

The Court additionally declines to grant Plaintiff the opportunity to amend. Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). But a court has inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Given the baselessness of Plaintiff's claims, the Court concludes that granting Plaintiff leave to amend would be futile.

## WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing "vexation, harassment and needless expense to [other parties]" and "an unnecessary burden on the courts and their supporting personnel."'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (alteration in original) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)).

Plaintiff has recently filed a lawsuit in this Court against the sitting Justices of the United States Supreme Court, *see Cavienss v. Alito, et al.*, No. 25-cv-04403, and a review of the Public Access to Court Electronic Records shows that Plaintiff has filed numerous other civil actions in

different federal courts. Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

For the reasons stated above, Plaintiff's claims are dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

As it would be futile to permit plaintiff to file an amended complaint, leave to amend the Complaint is denied. Plaintiff is warned that the Court will not tolerate the filing of baseless litigation.

The Clerk of Court is respectfully directed to enter judgment dismissing the action, mail a copy of the judgment and this Memorandum and Order to *pro se* Plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

          */s/*
          ORELIA E. MERCHANT
          United States District Judge

November 12, 2025
Brooklyn, New York